IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JEROME COGGINS, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : CIVIL ACTION NO. |
| | : 1:12-CV-2460-RWS |
| MARTA TRANSIT SYSTEM, | : |
| | : |
| Defendant. | : |
| | : |

**ORDER**

On August 16, 2012, Magistrate Judge Linda T. Walker entered an Order [2] permitting Plaintiff to proceed <u>in forma pauperis</u> in this action. The case was then referred to the undersigned for a frivolity determination. Having carefully considered the record, the Court enters the following order.

**Background**

Plaintiff's Complaint was filed on August 16, 2012 [3]. The Complaint appears to set forth three causes of action: (1) a claim against Defendant Metropolitan Atlanta Rapid Transit Authority ("MARTA") for wrongful death, (2) a claim against Defendant MARTA (through its police) of a civil rights

violation under 42 U.S.C. § 1983, and (3) a claim against a jail which is not a party to this action.

## Analysis

Pursuant to 28 U.S.C. § 1915(e)(2)(B), "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carrol v. Gross, 984 F.2d 393, 393 (11th Cir. 1993).

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  While this pleading standard does not require "detailed factual allegations," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Because Plaintiffs are proceeding pro se, their "pleadings are held to a

2

less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).  "This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action." Thomas v. Pentagon Fed. Credit Union, 393 F. App'x 635, 637 (11th Cir. 2010).

As to Plaintiff's first claim, Plaintiff appears to be asserting a wrongful death claim under Georgia law.  The statute of limitations under Georgia law for a wrongful death claim is governed by the statute of limitations for a personal injury claim, O.C.G.A. § 9-3-33, which is two years. Adair v. Baker Brothers, Inc., 366 S.E.2d 164, 165 (Ga. Ct. App. 1988).  Plaintiff states that his step-daughter was killed when getting off a MARTA bus on June 20, 2008.  This action was filed on July 16, 2012 [1], so Plaintiff's claim was not filed within the time period required by the statute of limitations.  Plaintiff's Complaint does not mention any basis for tolling the statute of limitations in this case.  As a result, Plaintiff's wrongful death claim fails as a matter of law and is **DISMISSED**.

As to Plaintiff's second claim, Plaintiff appears to be asserting a claim for a civil rights violation under 42 U.S.C. § 1983.  In order to prevail on a civil

rights action under § 1983, a plaintiff must make a prima facie showing of two elements: (1) that the act or omission at issue deprived plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States, and (2) that the act or omission was done by a person acting under color of law. Construed liberally, Plaintiff may be asserting claims for both false arrest and excessive use of force.  It is well established that a § 1983 claim may lie for a Fourth Amendment violation where a plaintiff is arrested and detained where such "seizure" is "unreasonable" in that it is neither pursuant to a warrant nor supported by probable cause.  See Ortega v. Christian, 85 F.3d 1521, 1526 (11th Cir. 1996); Marx v. Gumbinner, 905 F.2d 1503, 1505-06 (11th Cir. 1990). Construed liberally, Plaintiff appears to assert that he was arrested without probable cause, so Plaintiff's wrongful arrest claim survives this Court's frivolity determination.  However, Plaintiff fails to identify the officer who allegedly arrested him.  Plaintiff is directed to file an amended complaint within 14 days of the entry of this Order naming the Defendant against whom he asserts the wrongful arrest claim.  Failure to comply will result in dismissal of this action.

4

Plaintiff's excessive use of force claim fails as a matter of law because he fails to state anything more than a de minimis injury. The Eighth Amendment's prohibition of "cruel and unusual punishment" excludes de minimis uses of force, provided that force is not "repugnant to the conscience of mankind." Hudson v. McMillian, 503 U.S. 1, 9-10 (1992) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Plaintiff states that the MARTA police officer "[p]ut his hands on me in an aggressive manner, and cursed me several times, one time call[ing] me a drug user." These assertions fail to rise to the level of an Eighth Amendment violation, and Plaintiff's excessive use of force claim fails as a matter of law.

As to Plaintiff's third claim, Plaintiff appears to be attempting to state a claim against the jail in which he was held. However, the jail is not named as a party to this action. As such, Plaintiff's third claim is **DISMISSED**.

## Conclusion

With the exception of Plaintiff's false arrest claim, Plaintiff's claims are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B). A ruling as to Plaintiff's claim against MARTA for false arrest is reserved pending the filing of an amended complaint by Plaintiff. Plaintiff shall file an amended complaint

5

within 14 days of the entry of this Order naming the Defendant against whom he asserts the false arrest claim.  Failure to comply will result in dismissal of this action.

Plaintiff is **DIRECTED** to serve Defendants or their counsel with a copy of every additional pleading or other document that he files with the Clerk. Each pleading or other document filed with the Clerk shall include a certificate stating the date on which an accurate copy of that paper was mailed to Defendant or its counsel.  The Court will disregard any submitted papers that have not been properly filed with the Clerk or that do not include a certificate of service.

Plaintiff is also **DIRECTED** to keep the Court and Defendants advised of his current address at all times while this action is pending.  The Court admonishes Plaintiff that failure to do so may result in dismissal of this action.

**SO ORDERED**, this   27th   day of August, 2013.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE